# SUPREME COURT.

## Stephen Reed and others agt. Mary Child and others.

In proceedings by petition for partition, under 2 R. S. 316, the pleadings are intended to be like those in a personal action, in which the petition shall stand for a declaration, and any thing may be pleaded which will abate the action, or bar the petitioner's right to a judgment.

*New York Special Term, October*, 1849—Stephen Reed and others filed their petition under the statute (2 R. S. 316,) praying for partition of certain lands, and in it averred that partition of the same premises had been made among the parties in a suit in chancery, by a decree entered in 1845, that a bill of review was afterwards filed, and such proceedings thereon had; that in 1849 a decree was entered, setting aside the former decree of partition, and claiming that thereupon the several parties were restored to their original position as tenants in common; whereupon partition was prayed, according to the rights of the parties as set out in the petition.

To this petition, two of the defendants pleaded that they did not hold the premises in common with the petitioners, that their rights were not truly stated in the petition; and that an appeal had been taken from the above decree entered in 1849, which appeal was still undetermined.

Reynolds & Judah, *for the petitioners,* now moved to strike out the last plea as a frivolous and sham plea.

Mr. Marvin, *contra.*

Edmonds, Justice.—The allegation is that the 16th section of the statute (2 R. S. 320,) contains the only authority that is given for any pleading to the petition, and that that is confined to two defences, viz. that the petitioners were not in possession, and that the defendants did not hold the premises together with the petitioners, with a notice of such special matter as may sustain the last mentioned defence.

The proceeding being entirely a creature of the statute, if that section contained all the enactment there was on the subject of pleading in it, there might, perhaps, be force in the suggestion. But that is not so; section 15 allows any person, having an interest in the premises, to appear and answer to the petition "as to a declaration;" and section 17 enacts that replications and further proceedings may be had according to the practice of the court, as in personal actions, until an issue in law or fact may be joined.

Under the law as it stood before the Revised Statutes, it was doubtful

whether the right of the petitioner could be questioned; and there being no mode of enforcing the judgment in partition but by ejectment, it was deemed advisable to require the petitioners to be in possession, and section 16 was enacted to remedy these defects. It authorized the defendants to plead as to these two matters. It was intended for the purpose of opening to the defendant those two additional defences, and not to limit the pleadings to them. The pleadings were intended to be like those in a personal action, in which the petition should stand for a declaration, and anything might be pleaded which would abate the action or bar the petitioner's right to a judgment.

The defendants had then a right to plead the matters now objected to, and they may, perhaps, be a bar; for, if the decree in partition in 1845 yet stands effectual, this proceeding cannot be sustained. I can not, therefore, strike the plea out as frivolous or sham. The matters may not be properly pleaded to raise the question; or, if they are, they may not be a bar; but those are questions which I can not entertain on this motion. Advantage must be taken of those defects if they exist, by demurrer.

Motion denied, with costs.